**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4336**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARKUS EUGENE FIELDS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:16-cr-00606-CCB-1)

Submitted: February 28, 2019                           Decided: March 12, 2019

Before THACKER and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Robin M. Earnest, Riverdale, Maryland for Appellant. Lauren Elizabeth Perry, Burden Hastings Walker, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markus Eugene Fields seeks to appeal his conviction and sentence imposed following his guilty plea to armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113 (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Fields knowingly and voluntarily entered his plea and waived his appellate rights. Although advised of his right to file a pro se brief, Fields has not done so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Fields' plea agreement. We affirm in part and dismiss in part.

Counsel questions whether Fields entered his plea knowingly and voluntarily, noting a forensic psychological evaluation that questioned Fields' mental capacity when he waived his *Miranda*[*] rights and confessed to his involvement in the crime. Fields' waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). We therefore deny in part the Government's motion to dismiss.

Before accepting a guilty plea, the district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a

---

[*] *Miranda v. Arizona*, 384 U.S. 436, (1966).

2

presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted). Because Fields neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the validity of his guilty plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

At the Rule 11 colloquy and at sentencing, Fields repeatedly stated that he understood the plea proceedings and entered the plea agreement voluntarily. We conclude that the district court did not plainly err in accepting Fields' plea and that Fields entered the plea knowingly and voluntarily. With regard to Fields' waiver of the right to appeal his sentence, upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Fields knowingly and intelligently waived his right to appeal and that any potential sentencing issues fall squarely within the waiver's scope. *See United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005). Accordingly, we grant in part the Government's motion to dismiss.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside of the scope of the waiver. We therefore affirm Fields' conviction and dismiss the appeal of the sentence. This court requires that counsel inform Fields, in writing, of the right to petition the Supreme Court of the United States for further review. If Fields requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fields.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*